

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 17, 1974

The Honorable T. M. Lawrence, Jr.
Executive Secretary, Texas Board
  of Licensure for Nursing Home
  Administrators
P. O. Box 4246
Austin, Texas 78765

Opinion No. H- 401

Re: Does the Board of Licensure
for Nursing Home Administrators
have authority to issue different
license to administrators of group
homes.

Dear Mr. Lawrence:

On behalf of the Texas Board of Licensure for Nursing Home
Administrators (hereafter The Board) you have asked our opinion as
to whether the Board has authority to establish criteria and issue licenses
for nursing home administrators who would function only as administrators
and houseparents of facilities you describe as "group homes."

A group home (also known as a "transitional resident facility" or
"halfway house") is a home designed to assist persons released from
mental institutions to face the problems inherent in assimilation into
society.  The home resembles an ordinary home except that there are
eight to twelve residents and a couple acting as houseparents.

You advise that a group home built to certain specifications is
eligible to be licensed by the State Health Department as an "Intermediate
Care Facility-II, " and that, if it is administered by a person who is
himself licensed as a nursing home administrator, a group home is entitled
to receive certain federally financed benefits through the Texas Department
of Public Welfare.  Title XIX of the Social Security Act, provides for grants
to states for medical assistance programs.  Section 1908 of the Social
Security Act, referred to in § 8 of Article 4442d, infra, and codified as
42 U. S. C. § 1396g, defines a " 'State program for the licensing of administra-
tors of nursing homes' " as one which provides that no nursing home may

operate within the state except under supervision of a licensed administrator.

However, as you additionally point out, the houseparents who operate group homes do not require the same skills as those who administer traditional nursing homes.  Therefore, if authorized to do so, your Board has considered issuing a second type of nursing home administrators license for the houseparents.

Article 4442d, V. T. C. S., in § 2(3) defines "nursing home" as any institution licensed as a nursing home by the Department of Health under Article 4442c, V. T. C. S.  Although the definition of "institutions" contained in § 2 of Article 4442c does not specifically mention a group home or halfway house, it is sufficiently broad to cover them.

The jurisdiction of your Board over licensing of nursing home administrators is extremely comprehensive.  Article 4442d, in part, provides:

> . . .

> Sec. 5.  The Board shall have exclusive authority to determine the qualifications, skill and fitness of any person to serve as an administrator of a nursing home under the provisions of this Act and the holder of a license under the provisions of this Act shall be deemed to be qualified to serve as the administrator of any nursing home for all purposes.

> Sec. 6.  It shall be the function and duty of the board to:

> (1) develop, impose, and enforce standards which must be met by individuals in order to receive a license as a nursing home administrator, which standards shall be designed to insure that nursing home administrators

will be individuals who are of good character and
are otherwise suitable, and who, by training or
experience in the field of institutional administration,
are qualified to serve as nursing home administrators;

(2) develop and apply appropriate techniques,
including examinations and investigations, for determin-
ing whether an individual meets such standards;

(3) issue licenses to individuals determined, after
application of such techniques, to meet such standards,
and revoke or suspend licenses previously issued by
the board in any case where the individual holding any
such license is determined substantially to have failed to
conform to the requirements of such standards;

. . .

Sec. 8.    The Board shall have the authority to make
rules and regulations not inconsistent with law as may
be necessary or proper for the performance of its duties,
and to take such other actions as may be necessary to
enable the State to meet the requirements set forth in
Section 1908 of the Social Security Act, the Federal rules
and regulations promulgated thereunder, and other per-
tinent Federal authority; provided, however, that no rule
shall be promulgated, altered or abolished without the
approval of a two-thirds majority of the Board.

Sec. 9.    The Board shall have authority to issue
licenses to qualified persons as nursing home administra-
tors, and shall establish qualification criteria for such
nursing home administrators.    No license shall be issued
to a person as a nursing home administrator unless:

(1) he is at least 21 years of age, of good moral

character, sound in mental and physical health, and is a citizen of the United States or has duly declared his intention of becoming a citizen of the United States;

(2) he has satisfactorily completed a course of instruction and training prescribed by the board, which course shall be so designed as to content and so administered as to present sufficient knowledge of the proper needs to be served by nursing homes; laws governing the operation of nursing homes and the protection of the interests of patients therein; and the elements of good nursing home administration; or has presented evidence satisfactory to the board of sufficient education, training or experience in the foregoing fields to enable him to administer, supervise and manage a nursing home;

(3) he has passed an examination administered by the board and designed to test for competence in the subject matters referred to in subsection (2) hereof;

(4) that applicant submit written evidence, on forms provided for such purpose by the board, that he has successfully completed a course of study and has been graduated from a high school or secondary school approved and recognized by the educational authorities of the State in which such school is located, or a political division thereof, or has submitted a certificate indicating that he has obtained high school or secondary school equivalency, such certificate being certified by a State educational authority or a political division thereof; and

(5) that applicant has complied with all other qualifications and requirements as may have been established by rule and regulation of the board.

.  .  .

Although it is our conclusion that Articles 4442c and 4442d are sufficiently broad to permit licensure of directors of group homes which meet the statutory definition of institution in Article 4442c, § 2, as nursing home administrators, we do not believe the statute permits the Board to establish a second type of license. Section 5 of Article 4442d clearly provides that the holder of a license "shall be deemed to be qualified to serve as the administrator of any nursing home for all purposes." (emphasis added.) In our opinion this language requires a single type of license. See Attorney General Opinion H-147 (1973).

### SUMMARY

The Texas Board of Licensure for Nursing Home Administrators may license directors of group homes as nursing home administrators, but it may not establish a separate type of license for them.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg